IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNELL LOUD, #219814  *
    Plaintiff,
v.  *    CIVIL ACTION NO. PWG-13-1134

MICHAEL STOUFFER – COMMISSIONER  *
BOBBY SHEARIN – WARDEN
DALE SMITH – LIEUTENANT  *
    Defendants.
                           *****

MEMORANDUM

I.    **Background and Procedural History**

Donnell Loud ("Loud") filed this action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief, along with compensatory and punitive damages. He names as defendants the Commissioner of the Maryland Division of Correction, the Warden of the North Branch Correctional Institution ("NBCI"), and the Lieutenant in charge of the day-to-day operations of his housing unit, which contains segregation inmates. Plaintiff's verified complaint states that, since the first week of October 2012, the windows in his housing unit have been bolted shut, rendering it impossible for inmates to open their cells windows. Loud complains that, with the closing of the windows, inmates such as himself who suffer from asthma have experienced difficulties in breathing given "the lack of ventilation fueled by extreme use of chemical agents."[1] Verified Compl. ¶ 12, ECF No. 1. He claims that he has experienced "more asthma attacks in the last year than in many years" of his life. Loud avers that the locking of the windows violates his right to "adequate ventilation." *Id.* ¶ 16.

---

    [1]    Loud asserts that each time mace or a chemical agent is sprayed it causes him to choke, his eyes become watery, his chest tightens, and it becomes hard to breathe. Verified Compl. ¶ 13.

Defendants have filed a motion to dismiss or, in the alternative, for summary judgment which remains unopposed. ECF No. 12. All case documents have been examined. I have concluded that defendants' motion may be determined without hearing. See Loc. R. 105.6.

## II. Defendants' Factual Contentions

Defendants have raised a great deal of factual matter outside of the pleadings. Under Fed. R. Civ. P. 12(d), if, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). It appears that Plaintiff has been given adequate notice of his additional burdens under Rule 56. *See* Letter from Felicia Cannon, Clerk of the Court, to Donnell Loud (Aug. 28, 2013), ECF No. 13; *see also Roseboro v. Garrison*, 528 F.3d 309, 310 (4th Cir. 1975) (per curiam) (reversing grant of summary judgment where pro se plaintiff was not sufficiently notified of "the requirements of the summary judgment rule" (quoting *Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968))). However, because Plaintiff's complaint is verified, *see* Verified Compl. 5; *see also* 28 U.S.C. § 1746 (allowing for unsworn declarations to be made under penalty of perjury), it is far from clear that Defendants can demonstrate an absence of disputed issues of material facts in any event. Although Plaintiff did not oppose Defendant's motion, it is well-settled that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Because Defendants' motion shows that they are entitled to dismissal, *see infra*, I therefore will not consider the additional question of whether they are entitled to summary judgment.

### III. Failure to Exhaust

Defendants contend that Loud's claims are barred due to his failure to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 215–216 (2007); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

Loud's claims fall under the exhaustion prerequisites of § 1997e(a), and must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction. If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If an appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann.

Corr. Serv. §§ 10–206, 10–210; Md. Regs. Code Title 12 § 07.01.03. Loud's failure to exhaust administrative remedies is undisputed. The record shows that Loud had access to the ARP grievance process and frequently availed himself of it, but did not grieve claims regarding the use of chemical agents and the closing of cell windows. Individual ARP Index Report for Donnell Loud, Defs.' Mem. Ex. 4, ECF No. 12-5. In declining to oppose Defendants' motion to dismiss, Loud also has declined to dispute his failure to exhaust. Accordingly, Loud's claim must be dismissed.

## IV. Plaintiff's Medical Records

Defendants have attached to their motion to dismiss a ninety-nine page exhibit that appears to be Plaintiff's entire prison medical file. *See* Pl.'s Medical Records, Defs.' Mem. Ex. 3, ECF No. 12-4. Defendants' memorandum of law cites to isolated portions of Plaintiff's medical records that specifically deal with his asthma, *see, e.g.*, Defs.' Mem. at 2 (citing to pages 6 and 49), ECF No. 12-1, and also appears to rely on the absence of any reports "refer[ring] to mace or pepper-spray," *id.*, to show that no such medical issues ever arose.

However, even on a cursory review of Plaintiff's Medical Records, it is apparent that Defendants have placed into the public record a tremendous amount of Plaintiff's extremely sensitive and personal medical information, much of which bears no relevance to the instant case. Although Defendants have complied with the letter of Fed. R. Civ. P. 5.1(a) in redacting Plaintiff's date of birth, they have otherwise been careless in publishing information that the records reflect Plaintiff was reluctant to discuss even with his own medical professionals. Nor was it necessary to lay bare Plaintiff's personal medical history to demonstrate the lack of asthma complaints arising out of the use of pepper spray; Federal Rule of Evidence 803(10) makes clear that a declaration to that effect would have sufficed under the circumstances. *See* Fed. R. Evid. 803(10) (allowing the admission of "[t]estimony . . . that a diligent search failed to disclose a public record or statement" to show that

4

"(A) the record or statement does not exist; or (B) a matter did not occur or exist, if a public office regularly kept a record or statement for a matter of that kind").

I have little doubt that Plaintiff's Medical Records were included in a good-faith, if perhaps ill considered, attempt to meet Defendants' perceived evidentiary burdens. However, Defendants and their counsel—who, because of their official positions, frequently appear in this Court—would be prudent to be more cautious with prisoners' sensitive personal information in the future. In the instant case, Plaintiff's Medical Record has played no role in my ruling and, therefore, it would not be an efficient use of this Court's resources to redact Plaintiff's Medical Records piecemeal. Rather, I will, *sua sponte*, order that Plaintiff's Medical Records be sealed in its entirety in order to protect Plaintiff's privacy.

## V. Conclusion

Because Plaintiff has not exhausted his administrative remedies, Defendants' motion to dismiss shall be GRANTED.

It is further ORDERED that Plaintiff's Medical Records, Defs.' Mem. Ex. 3, ECF No. 12-4, shall be sealed.

A separate Order shall be entered forthwith.

_____ 11/21/3
Paul W. Grimm
United States District Judge